Rupa Nath Cook (SBN: 296130)
Erika Strauch (SBN: 694915)
**NATH COOK LAW PC**
100 Pine St, Ste 1250
San Francisco, CA 94111-5235
Tel: 714-335-2266
Email: rupa@nathcook.com

*Attorney for Plaintiff Luc Troussieux*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUC TROUSSIEUX, an individual<br><br>Plaintiff<br><br>v.<br><br>JONATHAN SEGALI, and individual; GOOD WORKS DRONE SHOWS LLC, a Nevada Limited Liability Company,<br><br>Defendants. | Case No.: 25-CV-05939-JCS<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING FEDERAL JURISDICTION**<br><br>Complaint Filed: July 15, 2025<br>Judge: Hon. Joseph C. Spero |

I.   INTRODUCTION

Plaintiff Luc Troussieux ("Plaintiff") respectfully submits this response to the Court's Order to Show Cause dated February 12, 2026. Dkt. No. 23. The Court has identified a potential defect in diversity jurisdiction arising from Plaintiff's 10% membership interest in Defendant Good Works Drone Shows LLC ("Good Works" or the "LLC"), which may attribute California citizenship to the LLC and destroy complete diversity.

To address this issue, Plaintiff has concurrently filed a voluntary dismissal of Good Works as a defendant under Rule 41(a)(1)(A)(i). Good Works is not an indispensable party under Federal Rule of Civil Procedure 19, and its dismissal cures the diversity defect while preserving complete relief against Segali, who perpetrated the fraud and converted Plaintiff's funds. In the alternative, Plaintiff seeks leave to amend the Complaint to add a claim under federal securities laws or other claims that would establish federal question jurisdiction independent of diversity.

II.   STATEMENT OF FACTS

The relevant facts are set forth in the Complaint (Dkt. No. 1) and the motion for default judgment (Dkt. No. 15). In late 2024, Defendant Jonathan Segali ("Segali"; Segali and Good Works, each a "Defendant") induced Plaintiff to invest $750,000 in Good Works through a series of material misrepresentations. Segali represented that Plaintiff's investment would be used to purchase drones and capitalize the business. In reliance on these representations, Plaintiff executed a Contribution Agreement and transferred $750,000 to Good Works between December 2024 and April 2025, receiving a 10% membership interest in exchange.

Segali never used the funds as promised and refused to provide any financial records or accounting despite Plaintiff's statutory demands. The Complaint alleges that Segali converted Plaintiff's investment for personal use and used Good Works as his alter ego to perpetrate fraud.

Defendants were properly served on July 15, 2025, and subsequently failed to appear. Default was entered against both Defendants on September 15, 2025. Plaintiff's motion for default judgment (Dkt. No. 15) is currently pending before the Court.

### III.     ARGUMENT

#### A. Dismissal of Defendant Good Works Will Cure the Jurisdictional Defects

The Court correctly observes that an LLC's citizenship is determined by the citizenship of all its members and that Plaintiff's 10% ownership interest in one of the defendants, Good Works, appears to destroy diversity. Dkt. No. 23 at p. 2. However, diversity defects may simply be cured by dismissal of the non-diverse party from the action. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996) (holding that jurisdictional defect was cured when non-diverse defendant dismissed before trial); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-74 (2004) (acknowledging same). If Good Works is dismissed, the only remaining defendant will be Segali, and there will be complete diversity of citizenship between Plaintiff, a citizen of California, and Segali, a citizen of Nevada.

##### 1. Good Works May Be Dismissed Under Rules 41(a)(1)(A)(i) or 21

Filed concurrently with this Response is Plaintiff's voluntary dismissal of Good Works under Rule 41(a)(1)(A)(i). Dismissal on this basis is proper and effective upon filing because Good Works never served an answer or a motion for summary judgment.

If, for any reason, Plaintiff's dismissal of Good Works under Rule 41(a)(1)(A) is deemed improper, the Court may use Rule 21 to dismiss Good Works as "a dispensable non-diverse party." *Hain Celestial Grp., Inc. v. Palmquist*, No. 24-724, 2026 WL 501733, at *7 (U.S. Feb. 24, 2026), citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 (1989); *see also United Food Grp., LLC v. Cargill, Inc.*, No. CV 11-7752 SS, 2015 WL 13868996, at *5 (C.D. Cal. June 8, 2015)

(citing cases). As set forth below, Good Works is a dispensable party, and no prejudice will endure as a result of its dismissal.

Regardless of which procedural mechanism is employed, upon dismissal, the entry of default (Dkt. No. 12) and the pending motion for default judgment (Dkt. No. 15) against Defendant Segali remain in full force and effect. Dismissing Good Works as a party does not alter the operative complaint or disturb proceedings against the remaining Defendant.

**2. Good Works Is Not a Required or Indispensable Party**

Dismissal of Good Works from this action is appropriate because Good Works is not necessary to the adjudication of the issues in this case. Under Rule 19, a party is necessary if:

(1) In its absence, the court cannot accord complete relief among existing parties (Fed.R.Civ.P. 19(a)(1)(A));

(2) It has an interest in the action and resolving the action in its absence may, as a practical matter, impair or impede its ability to protect that interest (Fed.R.Civ.P. 19(a)(1)(B)(i)); and

(3) It has an interest in the action and resolving the action in its absence may leave an existing party subject to inconsistent obligations because of that interest (Fed.R.Civ.P. 19(a)(1)(B)(ii)).

See also *Kanaan v. Yaqub*, No. 21-CV-09591-BLF, 2023 WL 3510381, at *3 (N.D. Cal. May 17, 2023), citing *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176 (9th Cir. 2012).

Here, the crux of Plaintiff's claims is that Segali fraudulently induced Plaintiff's investment through misrepresentations (Second and Third Causes of Action), converted Plaintiff's funds for Segali's personal use (First, Eighth, and Ninth Causes of Action), and breached his fiduciary duties (Sixth Cause of Action) owed as manager to Plaintiff as a member and other contractual or

managerial obligations (Fourth, Fifth, Seventh, Tenth, and Eleventh Causes of Action) to Plaintiff. These claims are personal and not derivative on behalf of Good Works in any manner. Moreover, where a cause of action is alleged against Good Works, Plaintiff has alleged Segali was personally liable for these claims, in his own right as manager of Good Works and as Good Works' alter ego (i.e., the corporate form should be disregarded). *See* Dkt. No. 1. at ¶¶ 30-36.[1]

For these claims, Plaintiff seeks $750,000 in compensatory damages, representing *Plaintiff's* converted investment, plus punitive damages, interest, and attorneys' fees—which is separate and apart from any damages the LLC sustained. This represents damages arising from the loss of Plaintiff's monetary contributions, not diminution in the LLC's value. These damages can be awarded against Segali without Good Works' participation—both directly and under the alter ego doctrine, which makes Segali liable for the full measure of damages regardless of whether Good Works remains a defendant. That complete relief can be afforded without Good Works' participation demonstrates that Good Works is dispensable and not a necessary party to this litigation. *See Kanaan,* 2023 WL 3510381, at *4 (finding that the LLC was not an indispensable party where, despite allegations of misconduct that harmed the LLC, the gravamen of the complaint was the defendant's attempt to squeeze the plaintiff out of the LLC).

Nor do Good Works or Segali have any legally protectable interest that would be impaired if Good Works were dismissed. Most glaringly, both Defendants are in default and have asserted no interest in this litigation. Second, as discussed above, Segali is personally liable for all of Plaintiff's claims, either directly or under the alter ego theory. To that end, if Plaintiff recovers

---

[1] As to Plaintiff's statutory right to compel production of Good Works' books and records under NRS 86.241, this cause of action is independently enforceable in the District Court for Clark County, Nevada, which has explicit jurisdiction over such claims. *See* NRS 86.243(2)-(3). Plaintiff can and will pursue such claims there if necessary to vindicate Plaintiff's rights.

damages from Segali personally, Good Works faces no additional exposure. Third, Plaintiff would be prejudiced if Good Works remained in this action because Plaintiff would be required to refile his case in state court, losing the benefits of default already obtained and incurring additional delay and expense in a case where Defendants have already demonstrated unwillingness to participate.

Good Works' only "interest" is in avoiding liability for Segali's fraud. This is not a legally protected interest warranting joinder. Good Works should be dismissed with the remaining claims and entry of default against Defendant Segali unaffected.

### B. Plaintiff Should Be Granted Leave to Amend in the Alternative

Should the Court conclude that dismissal of Good Works does not cure the defects with diversity jurisdiction, then Plaintiff respectfully requests leave to amend the Complaint to add a federal securities claim or other claims that would establish federal question jurisdiction. For example, Plaintiff's 10% membership interest in Good Works may constitute a "security" under federal law, supporting a claim under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5. Under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), an investment contract is a security when there is (1) an investment of money, (2) in a common enterprise, (3) with an expectation of profits, (4) derived solely from the efforts of others. Here, Plaintiff invested $750,000 in cash, holds only a passive 10% minority interest, has no management authority, and was entirely dependent on Segali (the 90% managing member) to operate the business and generate returns. Under these facts, Plaintiff's membership interest could constitute a security and Segali's alleged misrepresentations in connection with inducing Plaintiff's investment would state a claim under Rule 10b-5. *See Hocking v. Dubois*, 885 F.2d 1449, 1459 (9th Cir. 1989) (en banc) (applying *Howey* to rental pool arrangement); *SEC v. Payward, Inc.*, No. 3:23-cv-06003-WHO, 2024 WL 4511499, at 20, 21 (N.D. Cal. Aug. 23, 2024) (applying *Howey* to cryptocurrency transactions).

Federal question jurisdiction would follow under 28 U.S.C. § 1331, with supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Plaintiff raises this theory to demonstrate the availability of an alternative jurisdictional basis should the Court require it but submits that dismissal of Good Works is the more efficient resolution.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Good Works as a defendant and allow Plaintiff to proceed against Segali alone, finding that Good Works is not an indispensable party under Rule 19. Alternatively, Plaintiff respectfully requests leave to amend the Complaint to establish federal question jurisdiction.

Dated: March 2, 2026                                NATH COOK LAW

                                                    By: /s/ Rupa Nath Cook
                                                        Rupa Nath Cook
                                                        Erika Strauch
                                                        Attorneys for Plaintiff Luc Troussieux